FILED

**NOT FOR PUBLICATION**

AUG 8 2023

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCINE TRIM, individually and on behalf of all others similarly situated,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>REWARD ZONE USA LLC; DOES, 1-10 inclusive,<br><br>    Defendants-Appellees. | No. 22-55517<br><br>D.C. No.<br>2:20-cv-01027-SVW-KS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 28, 2023[**]
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Plaintiff Lucine Trim (Trim) appeals from the district court's partial

judgment granting a motion to dismiss in favor of Defendant, Reward Zone USA,

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

LLC (Reward Zone), in a putative class action lawsuit brought under the Telephone Consumer Protection Act (TCPA). Because the district court certified its interlocutory order pursuant to Federal Rule of Civil Procedure 54(b), we have jurisdiction under 28 U.S.C. § 1291. *See SEC v. Cap. Consultants LLC*, 453 F.3d 1166, 1174 (9th Cir. 2006) (per curiam). We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1209 (9th Cir. 2002). We affirm on the first cause of action.

Trim's argument in that cause of action is foreclosed by our decision in *Borden v. eFinancial*, LLC, 53 F.4th 1230 (9th Cir. 2022). In *Borden*, we held that a system constitutes an autodialer regulated by the TCPA only if it "generate[s] and dial[s] random or sequential telephone numbers." *Id.* at 1231 (emphasis removed). Because Trim concedes that the subject dialing equipment did not generate telephone numbers using a random or sequential number generator, Reward Zone's text messages were not sent via use of an autodialer in violation of the TCPA.[1]

**AFFIRMED.**

---

[1] We deny the Electronic Privacy Information Center and National Consumer Center's motion to become amicus curiae as moot. (Dkt. 14). We also deny as moot Trim's initial petition for rehearing en banc. (Dkt. 28).